ILLINOIS CENTRAL RAILROAD CO. *v.* ISADORE STRAUSS.

RAILROADS. *Contributory negligence. Peremptory instruction.*

A peremptory instruction for defendant is proper where plaintiff, injured by the moving of railroad cars, was clearly guilty of contributory negligence.

FROM the circuit court of Holmes county.

HON. W. F. STEVENS, Judge.

The facts are stated in the opinion.

*Mayes & Harris,* for appellant.

There is not a scintilla of evidence in the record that any one else besides the plaintiff passed through the space between the cars. There is no pretense that any of the employes of the railroad company knew that the plaintiff was passing through

there or that the plaintiff was there at the time the accident occurred. The plaintiff himself testified that he could not find an employe, and he was looking for one. It is also undisputed that the depot building was on the west side of the track and very near the caboose car, and, furthermore, that there was an opening in the train at the street, one hundred and thirty feet north of this caboose car.

If the railroad company violated no duty to the plaintiff, it would not be liable, even if the plaintiff himself was free from negligence. It is the breach of duty which constitutes negligence on the part of a railroad company, and which may be made the basis of an action; not the mere fact of injury. While the law in this state is that proof of an injury inflicted by the running of trains or cars of the railroad company is *prima facie* evidence of the want of ordinary care on the part of the railroad company, yet, at the same time, it is well settled that, where the facts all appear, the presumption must yield to the facts. If the facts rebut the presumption of negligence, there can be no recovery; the case must be determined by the proven facts, and not by presumptions. *New Orleans, etc., R. R. Co.* v. *Bourgeois*, 66 Miss., 3; *Vicksburg, etc., R. R. Co.* v. *Phillips*, 64 Miss., 693; *Mobile, etc., R. R. Co.* v. *Holt*, 62 Miss., 170; *Vicksburg, etc., R. R. Co.* v. *Hamilton*, 62 Miss., 503; *Hamlin* v. *Yazoo, etc., R. R. Co.*, 72 Miss., 39; *McCerren* v. *Alabama, etc., R. R. Co.*, 72 Miss., 1013.

The proof shows distinctly, not only that the employes of the railroad company had no knowledge of the plaintiff's being between the cars, but there is nothing shown which would have induced them to anticipate that the plaintiff, or anyone else, would be there. The plaintiff seems to have based his right to recover upon the fact that no signal was given of the backing of the train; but it is distinctly held in numerous cases that persons upon a railroad track, where their presence is not bound to be anticipated by the company, are not entitled to the benefit of the statutory requirement. This is distinctly set forth in

*Lonergan* v. *Illinois, etc., R. R. Co.*, 17 L. R. A., 254, citing 84 Ky., 43; 34 W. Va., 514; 54 Mich., 273. The essence of actionable negligence is the omission of a legal duty to the party injured, and the facts in this case utterly fail to show the omission of any legal duty to the plaintiff in the premises, and, consequently, the peremptory instruction should have been given.

*Hill & Sisson*, for appellee.

The negligence of appellant was the prime or proximate cause of the injury to appellee. Looking at the facts as they exist, after appellant had left the opening between the rears of the two trains, both coaches being for the carrying of passengers, and at the time both having passengers on them, it was gross negligence in the railroad company, without warning or signal, to back one train into the other. It must be remembered that the trains were standing in a populous city, the junction of two railroads, with passengers at the time boarding and on board the trains; and the trains should not have been driven one against the other under such circumstances, without the appellant first ascertaining by its proper officers or employes that such coupling would injure no one. By the exercise of ordinary care and prudence, the accident would not have happened. Furthermore, it is the duty of a railroad company, whose road runs through a town of the size and population of Durant to exercise a very high degree of care in the management of its trains. A failure to do this is likely to result in accidents of the most tragic character; and the protection of human life and property demands that degree of care and caution necessary to prevent this. *Louisville, etc., R. R. Co.* v. *French*, 69 Miss., 121.

The settled rule is stated by Rapalje & Mack to be: "If there is any evidence from which negligence or contributory negligence is legally inferable, the cause must be submitted to the jury for the determination of these questions." 6 Rapalje & Mack's Digest of Railway Law, 802; *Mobile, etc., R. R. Co.* v.

*Mullins*, 70 Miss., 730. Whether there was negligence or want of care, in whatever degree, in either of the parties, is a question of fact to be determined by the jury. Whether the circumstances attending the transaction constitute negligence or want of care will not, though the facts be admitted, be decided by the court, as a matter of law, but will be left to the jury under instructions, as evidence for them to pass upon. *Mobile, etc., R. R. Co.* v. *Mullins*, 70 Miss., 730; *Illinois, etc., R. R. Co.* v. *Turner*, 71 Miss., 402. Even though the facts are undisputed, it is for the jury, and not the judge, to determine whether proper care was exercised or whether there was negligence, whenever upon the facts in evidence different minds might honestly draw different conclusions from the evidence.


WOODS, C. J., delivered the opinion of the court.

The negligence of the appellee in going into the narrow space between the rear cars of the two trains is palpable. The opening was not made for the purpose of permitting, much less inviting, persons to use it as a passageway. It was a narrow space, naturally and properly left open, between the rear ends of the two trains, on the same track, which were going in opposite directions. It was about fifty yards from a street crossing, which had been left open, for the passage of persons having occasion to cross the railroad; but, instead of using that near-at-hand street crossing, the appellee recklessly undertook to pass between the tail ends of the two trains already referred to. And this he did, although he knew that both of said trains were then due to start, and although the danger of the attempted passage through this opening of about four feet was manifest to the dullest apprehension. Moreover, if there was a seeming necessity for the second attempt to pass between the trains, that was the result of the folly of the appellee in passing in the first place between these same trains from the west side to the east side of the track. If the appellee had not unnecessarily and negligently gone from the east side of the trains to

the west side, the necessity for his recrossing the track would not have occurred. And why a reasonably prudent man, wanting to ascertain the cause of the brief delay in the departure of a train, did not go up to the station house, where the officers of the railroad could be found, and which was only about fifty steps distant, and on the same side of the track on which appellee stood after disembarking, rather than thrust himself between the tail ends of two trains about four feet apart, in order to get on the opposite side, where there was no station, and where railroad employes would not ordinarily be expected to be found, is to us utterly inexplicable. The appellee was clearly guilty of negligence, and the consequences of his rashness must be borne by him. The peremptory charge asked by the appellant should have been given.

*Reversed and remanded.*